IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WISLINE PAUL, JASMINE MCDOWELL, DAWN MAXFIELD, and MELINA TSILFOGLOU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INSIGHT GLOBAL, LLC<br><br>Defendant. | Civil Action No. _____<br><br>COLLECTIVE ACTION<br>JURY DEMANDED |

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs Wisline Paul, Jasmine McDowell, Dawn Maxfield, and Melina Tsilfoglou ("Plaintiffs"), through their undersigned counsel, individually and on behalf of all others similarly situated, file this Class and Collective Action Complaint against Defendant Insight Global, LLC ("Insight Global" or "Defendant"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

**PRELIMINARY STATEMENT**

1.  This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") seeking payment of unpaid wages. Plaintiffs

1

allege that they and other similarly situated consultants were knowingly and improperly classified by Insight Global as independent contractors, and, as a result, did not receive compensation for hours worked in excess of forty (40) in a workweek in violation of the FLSA.

2.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following collective of potential FLSA opt-in litigants:

> All individuals who worked for Insight Global providing training and support to Insight Global's clients in using electronic recordkeeping systems in the United States from April 2022 to the present and were classified as independent contractors (the "Collective Action Members").

## JURISDICTION AND VENUE

3.     Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because Defendant has its headquarters in Atlanta, Georgia, in this judicial district, and a substantial part of the events giving rise to Plaintiffs' claims took place in this district.

## PARTIES

5.     Insight Global, LLC ("Insight Global") is a Georgia corporation which coordinates staffing for information technology educational services for the

healthcare industry across the United States. Insight Global has its headquarters in Atlanta, Georgia.

6. To provide these services, Insight Global employed (and continues to employ) dozens of workers—including Plaintiffs and Collective Action Members.

7. Insight Global employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

8. Insight Global's annual gross volume of sales made or business done exceeds $500,000.

9. Plaintiff Wisline Paul ("Paul") is an individual residing in Sunrise, Florida.

10. Paul worked for Insight Global as a consultant providing support and training to Defendant's clients in using a new recordkeeping system in Florida between December 2023 and March 2024.

11. Pursuant to 29 U.S.C. § 216(b), Paul has consented in writing to participate in this action. *See* Ex. A.

12. Plaintiff Jasmine McDowell ("McDowell") is an individual residing in Honolulu, Hawaii.

13. McDowell worked for Insight Global as a consultant providing

3

support and training to Defendant's clients in using a new recordkeeping system in Florida between January and March 2024.

14. Pursuant to 29 U.S.C. § 216(b), McDowell has consented in writing to participate in this action. *See* Ex. B.

15. Plaintiff Dawn Maxfield ("Maxfield") is an individual residing in Palm Bay, Florida.

16. Maxfield worked for Insight Global as a consultant providing support and training to Defendant's clients in using a new recordkeeping system in Florida between January and March of 2024.

17. Pursuant to 29 U.S.C. § 216(b), Maxfield has consented in writing to participate in this action. *See* Ex. C.

18. Plaintiff Melina Tsilfoglou ("Tsilfoglou") is an individual residing in Bonita Springs, Florida.

19. Tsilfoglou worked for Insight Global as a consultant providing support and training to Defendant's clients in using a new recordkeeping system in Florida between December 2023 and March 2024.

20. Pursuant to 29 U.S.C. § 216(b), Tsilfoglou has consented in writing to participate in this action. *See* Ex. D.

**FACTS**

21. Insight Global provides training and support to healthcare facilities throughout the United States in connection with the implementation of new electronic recordkeeping systems.

22. Insight Global employs consultants, such as Plaintiffs and Collective Action Members, who perform such training and support services.

23. Insight Global's financial results are significantly driven by the number of consultants performing training and support services for Insight Global's customers, and the fees that Insight Global charges the customers for these services.

24. Insight Global has staffed a number of go-live projects similar to the one Plaintiffs worked on throughout the United States. See https://insightglobal.com/industries/healthcare/ (last visited April 29, 2025).

25. Plaintiffs and Collective Action Members worked with healthcare staff in a classroom setting and one-on-one on the hospital floor, teaching them how to use a new electronic recordkeeping system and answering any questions they had in the process.

26. Although Plaintiffs and Collective Action Members routinely worked 12-hour shifts seven days a week, they did not receive overtime compensation for hours worked in excess of 40 a week, as required by the FLSA.

**Plaintiffs and Collective Action Members are not Exempt as "Computer Employees" or "Highly Compensated Employees" under the FLSA**

27. Plaintiffs and Collective Action Members provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiffs and Collective Action Members have no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs.

28. Plaintiffs and Collective Action Members were not working as, nor were they similarly skilled as, computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

29. Plaintiffs' and Collective Action Members' primary duties consisted of training and aiding healthcare staff, in a classroom and one-on-one, in using the new recordkeeping software. Plaintiffs' and Collective Action Members' primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiffs and Collective Action Members did not analyze, consult or determine hardware, software programs or any system functional specifications for Defendant's clients. *See id.*

30. Plaintiffs and Collective Action Members did not consult with Defendant's customers to determine or recommend hardware specifications. Plaintiffs and Collective Action Members did not design, develop, document,

6

analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

31.     While Plaintiffs' and Collective Action Members' work involved the use of computers, they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiffs and Collective Action Members provided support and training in using electronic recordkeeping systems to Insight Global's clients.

32.     Plaintiffs and Collective Action Members did not perform the duties of an exempt executive, administrative, or professional employee, as defined in 29 U.S.C. § 213(a)(1). Plaintiffs and Collective action Members worked on the hospital floor or in a classroom setting, and provided basic, at-the-elbow support and instruction in using a new electronic recordkeeping system, walking hospital staff through how to input, save, and retrieve medical records, input patient medications, etc.

33.     Plaintiffs and Collective Action Members did not have a role in managing Defendants' operations; did not regularly direct the work of other employees of Insight Global and did not hire or fire other employees.

34.     Plaintiffs and Collective Action Members did not perform work related to management and/or general business operations of Insight Global.

7

Plaintiffs and Collective Action members did not exercise discretion as to matters of significance – they were assigned to a particular part of the hospital; were required to follow a set schedule; and were given specific parameters within which to help the hospital staff navigate the electronic recordkeeping system.

35.     Plaintiffs and Collective Action Members did not perform work requiring advanced knowledge in a field of science or learning – they were not required to have a specific educational background, and their work involved basic, at-the-elbow training and support, in which they assisted hospital staff learning to use a new electronic recordkeeping system.

**Plaintiffs and Collective Action Members Routinely Worked in Excess of Forty Hours a Week**

36.     Plaintiffs and Collective Action Members were regularly required to work 12-hour shifts, 6 days a week, while performing work for Insight Global.

37.     Although Plaintiffs and Collective Action Members were routinely required to work more than forty (40) hours per week, they did not receive one and one-half (1 ½) times their regular rate for hours worked in excess of forty (40) hours per week, as required by the FLSA.

38.     Instead, Plaintiffs and Collective Action Members were paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty (40) hours in a week.

**Insight Global Willfully Violated the FLSA**

8

39. Insight Global had no reasonable basis to believe that Plaintiffs and Collective Action Members were exempt from the requirements of the FLSA. Rather, Insight Global either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiffs and Collective Action Members as exempt employees. Such willfulness is demonstrated by, or may be reasonably inferred from, Insight Global's actions and/or failures to act, including the following:

   a. At all times relevant hereto, Insight Global maintained payroll records which reflected the fact that Plaintiffs and Collective Action Members did, in fact, regularly work in excess of 40 hours per week, and thus, Insight Global had actual knowledge that Plaintiffs and Collective Action Members worked overtime;

   b. At all times relevant hereto, Insight Global knew that it did not pay Plaintiffs and Collective Action Members 1.5 times their regular pay rate for hours worked in excess of forty (40) hours per week;

   c. As evidenced by its own job offer letters and training materials for consultants, at all times relevant hereto, Insight Global was aware of the nature of the work performed by consultants, and, in particular, that such individuals worked exclusively with healthcare workers employed by Insight Global's clients, providing basic training and

9

support;

d. As evidenced by its own job offer letters and training materials for consultants, Insight Global knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d);

e. At all times relevant hereto, Insight Global was aware that its consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f. Insight Global lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, Insight Global deliberately misclassified its consultants as independent contractors in order to avoid paying them overtime compensation to which they were entitled;

g. At all times relevant hereto, Insight Global was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiffs and

    Collective Action Members 1.5 times their regular pay rate for hours worked in excess of forty (40) hours per week; and

  h. Thus, Insight Global had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying its consultants as exempt employees.

40. Based upon the foregoing, Insight Global was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

41. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members defined above.

42. Plaintiffs desire to pursue his FLSA claims on behalf of all individuals who join this action pursuant to 29 U.S.C. § 216(b).

43. Plaintiffs and Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Insight Global's common business and compensation practices as described herein, and, as a result of such practices, have not been paid wages, including the legally mandated overtime compensation for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Insight Global's common misclassification, compensation and payroll practices.

44. The FLSA requires non-exempt hourly employees to be compensated at a rate of 1.5 times the regular hourly rate for all hours worked over 40 in a week.

45. Insight Global misclassified Plaintiffs and Collective Action Members as exempt employees, and, as a result, failed to provide them with overtime compensation for hours worked in excess of 40 a week.

46. The similarly situated employees are known to Insight Global, are readily identifiable, and can easily be located through Insight Global's business and human resources records.

47. Insight Global employs many Collective Action Members throughout the United States. These similarly situated employees may be readily notified of this action through email, text message, U.S. Mail, and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

**COUNT I**
**FLSA – Overtime Compensation**
**(On Behalf of Plaintiffs and the FLSA Collective)**

48. All previous paragraphs are incorporated as though fully set forth herein.

49. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee. . .

." 29 U.S.C. § 203(d).

50. Insight Global is subject to the wage requirements of the FLSA, because Insight Global is an "employer" under 29 U.S.C. § 203(d).

51. At all relevant times, Insight Global has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

52. During all relevant times, Plaintiffs and Collective Action Members have been covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

53. Plaintiffs and Collective Action Members are not exempt from the requirements of the FLSA.

54. Plaintiffs and Collective Action Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

55. Insight Global, pursuant to its policies and practices, failed and refused to pay overtime compensation to Plaintiffs and the Collective Action Members for their overtime hours worked by misclassifying Plaintiffs and the Collective Action Members as exempt employees.

56. Insight Global knowingly failed to compensate Plaintiffs and the Collective Action Members at a rate of 1.5 times their regular hourly wage for

hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

57. In violating the FLSA, Insight Global acted willfully and with reckless disregard of clearly applicable FLSA provisions.

58. In violating the FLSA, on information and belief, Insight Global did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## JURY TRIAL

59. Plaintiffs demand a trial by jury for all issues of act.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs seek the following relief on behalf of themselves and the FLSA Collective:

   a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

   b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

   c. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

   d. Liquidated damages to the fullest extent permitted under the law;

   e. Litigation costs, expenses, and attorneys' fees to the fullest extent

    permitted under the law; and

  f.  Such other and further relief as this Court deems just and proper.


Dated: May 13, 2025                  Respectfully submitted,

WISLINE PAUL, JASMINE MCDOWELL,
DAWN MAXFIELD, and MELINA

TSILFOGLOU, individually and on behalf of others similarly situated,

Plaintiffs,

By their attorneys,

*/s/ John L. Mays*
John L. Mays
Georgia Bar No. 986574
Parks, Chesin & Walbert, P.C.
1355 Peachtree Street NE, Suite 2000
Atlanta, GA 30309
(404)873-8000
jmays@pcwlawfirm.com

Melody Fowler-Green (*pro hac vice anticipated*)
N. Chase Teeples (*pro hac vice anticipated*)
Yezbak Law Offices PLLC
2901 Dobbs Ave
Nashville, TN 37211
(615) 250-2000
mel@yezbaklaw.com
teeples@yezbaklaw.com

15

Olena Savytska (*pro hac vice anticipated*)
Harold Lichten (*pro hac vice anticipated*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
osavytska@llrlaw.com
hlichten@llrlaw.com


*Attorneys for Plaintiffs
and the Proposed Collective*

16